1  Adam Y. Siegel (State Bar No. 238568)
   **JACKSON LEWIS P.C.**
2  725 South Figueroa Street, Suite 2500
   Los Angeles, CA  90017-5408
3  Telephone:     213.689.0404
   Facsimile:     213.689.0430
4  Email: Adam.Siegel@jacksonlewis.com

5  Mossamat N. Karim (State Bar No. 329711)
   **JACKSON LEWIS P.C.**
6  50 California Street, 9th Floor
   San Francisco, CA 94111-4615
7  Telephone:     (415) 796-5421
   Facsimile:     (415) 394-9401
8  E-mail: Mossamat.Karim@jacksonlewis.com

9  Attorneys for Defendants
   CLAIRE'S BOUTIQUES, INC.
10 AND CLAIRE'S HOLDINGS, LLC

11                    UNITED STATES DISTRICT COURT

12                    EASTERN DISTRICT OF CALIFORNIA

13

14 KILA SMITH,                              Case No.

15         Plaintiff,                       **CLASS ACTION**

16      v.                                  **DEFENDANTS' NOTICE OF
                                            REMOVAL**
17
                                            **[28 U.S.C. §§ 1331, 1332, 1441, 1446]**
18 CLAIRE'S BOUTIQUES, INC. a Michigan
   Corporation; CLAIRE'S HOLDINGS, LLC, a  (Filed concurrently with Declaration of
19 Limited Liability Company; RYAN VERO, an Adam Y. Siegel, Declaration of Danielle
   individual; and DOES 1 through 100,      Clark, Declaration of Michele Reilly, Civil
20 inclusive,                               Case Cover Sheet, and Notice of Interested
                                            Parties)
21         Defendants.
                                            State Complaint Filed: 08/05/2022
22

23

24 **TO THE CLERK OF THE U.S. DISTRICT COURT FOR THE EASTERN DISTRICT**

25 **OF CALIFORNIA, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

26        PLEASE TAKE NOTICE that Defendant Claire's Boutiques, Inc. and Defendant Claire's

27 Holdings, LLC remove the above-entitled action to this Court from the Superior Court of the State

28 of California, County of Sacramento pursuant to 28 U.S.C. § 1441.  Defendants invoke this Court's

original jurisdiction under 28 U.S.C. § 1332, 1367, 1441(b), and 1446, on the grounds that:  (1) there is complete diversity of citizenship between Plaintiff Kila Smith ("Plaintiff"), a citizen of the State of California, and Defendant Claire's Boutiques, Inc., a Michigan Corporation with its principal place of business in Illinois, Defendant Claire's Holdings, LLC, a Delaware limited liability company with its principal place of business in Illinois, and Defendant Vero[1], a citizen of the State of Illinois; (2) the amount in controversy exceeds the jurisdictional minimum of $75,000 set forth in Section 1332(a); and (3) the foregoing facts were true at the time the Complaint in this matter was filed and remain true as of the date of the filing of this notice of removal, as more fully set forth below.

## I.  **PROCEDURAL BACKGROUND**

1.      On August 9, 2022, Plaintiff initiated this action by filing an unverified Complaint entitled *Kila Smith v. Claire's Boutiques, Inc; Claire's Holdings, LLC; Ryan Vero; and Does 1 through 100* ("the Complaint") in Sacramento Superior Court, Case No. 34-2022-00324771 ("the State Action").  True and correct copy of the Complaint is attached hereto as **Exhibit "A."** The Complaint pleads eight causes of action under California state law:  (1) discrimination based on disability and/or medical condition under the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code §§ 12900, *et seq.*; (2) retaliation under FEHA; (3) failure to prevent discrimination under FEHA; (4) failure to provide a reasonable accommodation under FEHA; (5) failure to engage in the interactive process under FEHA; (6) wrongful termination in violation of public policy; (7) failure to indemnify for business expenses, Cal. Lab. Code § 2802; and (8) Unfair Competition, Cal. Bus. & Prof. Code §§ 17200, *et seq*.  *Id.*  Defendants Claire's Boutiques, Inc. and Claire's Holdings, LLC are named as defendants to all causes of action, while Defendant Vero is named as a defendant to only the seventh cause of action.  *Id.*

2.      On September 15, 2022, Plaintiff first served copies of the summons and Complaint on Defendant Claire's Boutiques, Inc. Declaration of Adam Y. Siegel ("Siegel Decl.") ¶ 3.

3.      On October 12, 2022, Defendants Claire's Boutiques, Inc. and Claire's Holdings,

---

[1] On October 7, 2022, Counsel for Plaintiff represented that he is dismissing Defendant Vero from the lawsuit.

DEFENDANTS' NOTICE OF REMOVAL                    Case No. _____

LLC timely filed their Answer to the Complaint in Sacramento Superior Court. A true and correct copy of Defendant's Answer is attached hereto as **Exhibit "B."**

4.    Pursuant to 28 U.S.C. §§ 1446(a), 1447(b), and 1449, true and correct copies of all process, pleadings, and all records and proceedings in the State Action are provided with this Notice of Removal. *See* Siegel Decl. ¶ 5.

5.    As of the date of this removal, Plaintiff has not yet effected service of the summons and Complaint on Defendant Claire's Holdings, LLC and Defendant Vero. *See* Siegel Decl. ¶ 6.

**II.    REMOVAL IS TIMELY**

6.    Pursuant to 28 U.S.C. § 1446(b), a defendant has 30 days to file a Notice of Removal, measured from the date the defendant receives or is served with the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

7.    As set forth in Paragraph 2 above, Plaintiff served Defendant Claire's Boutiques, Inc. with the summons and Complaint on September 15, 2022. *See* Siegel Decl. ¶ 3. Defendant Claire's Boutiques, Inc. is filing this Notice of Removal within 30 days of service, and removal is therefore timely.

8.    Defendant Claire's Boutiques, Inc. is the only named defendant to have been served in this action at the time of removal to this Court.  As set forth in Paragraph 5 above, Plaintiff has not effected service on Defendant Claire's Holdings, LLC or Defendant Vero. *See* Siegel Decl. ¶ 6.  As unserved defendants, Defendant Claire's Holdings, LLC and Defendant Vero are not required to join or consent to the Notice of Removal. *Salveson v. Western States Bancard Assoc.*, 731 F.2d 1426, 1429 (9th Cir. 1984) (named defendants not yet served in state court action need not join the Notice of Removal), superseded by statute on other grounds in *Ethridge v. Harbor House Rest.*, 861 F.2d 1389 (9th Cir. 1988).  The consent of any other defendant to removal is therefore inapplicable. *See* 28 U.S.C. § 1446(b)(2)(A).

**III.    NOTICE**

9.    Defendants will promptly serve this Notice of Removal on all parties and promptly file a copy of this Notice of Removal with the Clerk of the Superior Court, County of Sacramento,

DEFENDANTS' NOTICE OF REMOVAL                    Case No. _____

1    as required by 28 U.S.C. § 1446(d).

2    **IV.   JURISDICTION**

3         10.    Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, the Court has jurisdiction over this

4    action because: (1) there is complete diversity of citizenship between Plaintiff, a citizen of the

5    State of California, Defendant Claire's Boutiques, Inc., a Colorado Corporation with its principal

6    place of business in Illinois, Defendant Claire's Holdings, LLC, a Delaware limited liability

7    company with its principal place of business in Illinois, and Defendant Vero, a citizen of the State

8    of Illinois; and (2) the amount in controversy exceeds $75,000.

9         **A.   Diversity of Citizenship Exists**

10        11.    For diversity purposes, an individual's citizenship is determined by the individual's

11   "domicile." *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). The

12   individual's "domicile" is the "permanent home, where she resides with the intention to remain or

13   to which she intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

14   "[T]he existence of domicile for purposes of diversity is determined as of the time the lawsuit is

15   filed." *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986).

16        12.    Plaintiff pleads in the Complaint that she is a resident of the County of Sacramento,

17   State of California, where she resided "at all times relevant to this action." Complaint, ¶ 18. A

18   review of Plaintiff's personnel file supports the conclusion that Plaintiff is a resident of California

19   and residing in Citrus Heights, California, in Sacramento County. *See* Declaration of Danielle

20   Clark ("Clark Decl."), ¶ 4. Plaintiff alleges that the unlawful employment practiced contained in

21   her Complaint occurred in the State of California. *See* Complaint.

22        13.    For removal purposes, a corporation is a citizen of its state of incorporation and the

23   state of its principal place of business.  28 U.S.C. § 1332(c)(1).  To determine a corporation's

24   principal place of business, courts apply the "nerve center" test, which deems the principal place

25   of business to be the State in which the corporation's officers direct, control, and coordinate the

26   corporation's activities.  *The Hertz Corporation v. Friend et al.*, 559 U.S. 77, 78 (2010) ("[T]he

27   phrase 'principal place of business' in 1332(c)(1) refers to the place where a corporation's high

28

DEFENDANTS' NOTICE OF REMOVAL                    Case No. _____

1  level officers direct, control and coordinate the corporation's activities, i.e., it's 'nerve center,'

2  which will typically be found at its corporate headquarters.").

3        14.     Defendant Claire's Boutiques, Inc., both at the time of the filing of this action and

4  currently, is incorporated in the State of Colorado.  *See* Declaration of Michele Reilly in Support

5  of Removal filed herewith ("Reilly Decl.") ¶ 4.  Defendant Claire's Boutiques, Inc.'s principal

6  place of business, both at the time of the filing of this action and currently, is located in the State

7  of Illinois.  *Id.* Claire's Boutiques, Inc.'s corporate headquarters is located in Illinois and its high-

8  level officers direct, control and coordinate the corporation's activities in Illinois.  *Id.* at ¶ 5.  The

9  foregoing establishes that Defendant Claire's Boutiques, Inc. is a citizen of the State of Illinois.

10       15.     Defendant Claire's Holdings, LLC, both at the time of the filing of this action and

11  currently, is incorporated in the State of Delaware. *See* Reilly Decl., ¶ 6. Defendant Claire's

12  Holdings, LLC's principal place of business, both at the time of the filing of this action and

13  currently, is located in the State of Illinois.  *Id.* Claire's Holdings, LLC's corporate headquarters

14  is located in Illinois and its high-level officers direct, control and coordinate the corporation's

15  activities in Illinois.  *Id.*  The foregoing establishes that Defendant Claire's Holdings, LLC is a

16  citizen of the State of Illinois.

17       16.     Defendant Vero, at all times relevant to this action as well as at the time of the filing

18  of this action and currently, resided in the State of Illinois.  *See* Reilly Decl., ¶ 4-5.  The foregoing

19  establishes that Defendant Vero is a citizen of the State of Illinois.

20       17.     The citizenship of fictitiously named "Doe" defendants is to be disregarded for the

21  purposes of removal.  28 U.S.C. § 1441(a); *Newcomb v. Adolf Coors Co.*, 157 F.3d 686 (9th Cir.

22  1998).

23       18.     Since Plaintiff is a citizen of California, and all defendants are citizens of Illinois,

24  complete diversity exists, and at all relevant times has existed, as between Plaintiff and all non-

25  fictitiously named joined defendants.

26  ///

27  ///

28  ///

DEFENDANTS' NOTICE OF REMOVAL                    Case No. _____

### B. The Amount in Controversy Exceeds $75,000

19.     Without conceding that Plaintiff is entitled to damages or can recover damages in any amount whatsoever, the amount in controversy in this action exceeds $75,000 exclusive of interest and costs.  28 U.S.C. §1332(a).  Plaintiff's Complaint does not specify an amount in controversy.  Where a plaintiff's state court complaint is silent as to the amount of damages claimed, the United States Supreme Court has held that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," but the statement need not contain evidentiary submissions.  *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 82, 89 (2014).  If plaintiff contests a defendant's allegations, defendant need only demonstrate by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold.  *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 404 (9th Cir. 1996); *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001) (courts may consider factual statements in defendant's notice of removal in assessing removal jurisdiction).

20.     In determining whether the amount in controversy exceeds $75,000.00 exclusive of interest and costs, the Court must presume the plaintiff will prevail on each and every one of his or her claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002), citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes that "plaintiff prevails on liability"); *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated").

21.     Attorney fees also may be taken into account to determine the jurisdictional amount.  *Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982), cert. denied, 459 U.S. 945; *see also, Alvarado v. Home Depot U.S.A., Inc.*, Case No. 18-cv-611-MMA(NLS), 2018 U.S. Dist. LEXIS 95435, at *7-10 (S.D. Cal. June 5, 2018) (post-removal attorney fees are included in the amount in controversy).

22.     Defendants deny the validity and merit of the entirety of Plaintiff's alleged claims, the legal theories upon which they are ostensibly based, and the alleged claims for monetary and

other relief that flow therefrom.  For purposes of removal only, however, and without conceding that Plaintiff is entitled to any damages or penalties whatsoever, the aggregated claims of the Plaintiff establish, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional minimum of $75,000.

23.    In the event plaintiff prevails on every one of her claims, she stands to recover the following:

**i.    <u>Lost Earnings</u>**

24.    Plaintiff seeks to recover lost earnings in an unspecified amount that she contends she has suffered and will continue to suffer.  Exh. A at ¶¶ 23, 31, 40, 45, 54, 60, 66.

25.    The court may consider lost earnings calculated from Plaintiff's termination through the anticipated trial date in determining the amount in controversy.  *Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (trial court properly considered evidence of plaintiff's lost wages in determining that the amount in controversy exceeded $75,000); *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002) (amount in controversy "should be the amount that can reasonably be anticipated at the time of removal, not merely [the amount] already incurred").

26.    When Plaintiff's employment ended on February 4, 2021, she was being paid a $19.85 per hour. *See* Clark Decl. ¶ 4. During Plaintiff's last month of employment with Defendant, Plaintiff earned approximately $3,000. *See Id*.

27.    Based on the most recent Judicial Caseload Profile obtained from the United States Eastern District of California, last revised March 31, 2022, the median time from filing to trial for civil cases in this Court is 19.9 months.  *See* Request for Judicial Notice ("RJN") filed herewith, Exh. 1 (US District Court Median Time Intervals).  Accordingly, the reasonably likely trial date in this matter will be around May 2024. *Id*.

28.    Applying Plaintiff's salary at the time of termination to the 39-month interval between her termination and the reasonably likely trial date, the amount of lost earnings in controversy in this case is at least $117,000.

ii.   **Attorneys' Fees**

29.   Plaintiff also seeks to recover attorneys' fees.  Exh. A at ¶¶ 31, 41, 52, 58, 67, 76, Prayer for Relief.

30.   When authorized by statute, claims for attorneys' fees are properly considered in determining the amount in controversy.  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (attorneys' fees may be included in the amount in controversy if recoverable by statute or contract).

31.   If Plaintiff prevails on her first, second, third, fourth, fifth, or sixth causes of action, Plaintiff may recover attorneys' fees.  *See* Cal. Gov't Code § 129656(b) (court may award attorneys' fees to "prevailing party" in FEHA actions); *Horsford v. Bd. Of Trs. Of Cal. State Univ.*, 132 Cal. App. 4th 359, 394 (Cal. Ct. App. 2005) ("prevailing party" in FEHA action is entitled to attorneys' fees "absent circumstances that would render the award unjust").  Accordingly, Plaintiff's request for attorneys' fees is properly considered in determining the amount in controversy.

32.   The Court may consider all attorneys' fees that, at the time of removal, can reasonably be anticipated will be incurred over the life of the case.  *Goldberg v. CPC International*, 678 F.2d 1365, 1367 (9th Cir. 1982) (noting that "potential attorneys' fees" could be considered for purposes of meeting the amount in controversy requirement); *Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp.2d 1004, 1011 n.4 (N.D. Cal. 2002) ("While an estimate of the amount in controversy must be made based on facts known at the time of removal, that does not imply that items such as future income loss, damages, or attorneys' fees likely to be incurred cannot be estimated at the time of removal").

33.   As other courts have noted, employment actions often "require substantial effort from counsel."  *Simmons*, *supra*, 209 F.Supp.2d at 1035 (finding that the jurisdictional minimum was "clearly satisfied" given that in the court's "twenty-plus years' experience, attorneys' fees in individual discrimination cases often exceed the damages").

34.   Courts in the State of California have found an hourly rate of at least $525 for employment discrimination cases to be reasonable.  *See Vysata v. Menowitz*, No. CV 18-06157

8

JAK RAO, 2019 WL 6138469, at *3 (C.D. Cal. June 19, 2019) (finding a rate of $575 per hour reasonable in an employment litigation matter); *Finato v. Keith Fink & Assocs.*, No. 2:16-CV-06713-RGK-AJW, 2018 WL 6978116, at *3 (C.D. Cal. Jan. 5, 2018) (finding an hourly rate of $525 per hour to be reasonable); *Red v. Kraft Foods Inc.*, 680 F. App'x 597, 599 (9th Cir. 2017) (finding a district court did not err in awarding $550 per hour for partners).

35.      Courts in the State of California have determined that 300 hours is a reasonable estimate for the number of hours to be expended on an employment action through trial. *See Sasso v. Noble Utah Long Beach, LLC*, No. CV-14-09154-AB AJWX, 2015 WL 898468, at *6 (C.D. Cal. Mar. 3, 2015) (finding an estimate of 300 hours for an employment action through trial to be reasonable).

36.      Here, Defendant Claire's Boutiques, Inc. anticipates that the parties will propound written discovery and that depositions of key witnesses, including a deposition of Plaintiff herself, will be necessary to evaluate the claims at issue.  Defendant will also likely file a motion for summary judgment, or partial summary judgment.  Preparing for, and responding to, these actions alone will likely trigger significant attorneys' fees, which Plaintiff can recover under FEHA if successful on at least one of her claims.

37.      Based on the typical hourly rate for employment counsel and the estimated time to litigate an employment action through trial, Plaintiff will have put at least $165,000 in attorneys' fees in controversy.

### iii.      Emotional Distress Damages

38.      Plaintiff seeks to recover emotional distress damages.  Ex. A at ¶¶ 32, 39, 46, 53, 59, and 65.  Plaintiff alleges causes of action for failure to accommodate, failure to engage in the interactive process, discrimination, and wrongful discharge, all of which allow for such damages. *Id.*

39.      Emotional distress damages are properly considered in calculating the amount in controversy. *Simmons*, *supra*, 209 F.Supp.2d at 1031-35 (finding that the plaintiff's alleged income loss of only $25,600 at the time of removal, included with unspecified amounts for medical

DEFENDANTS' NOTICE OF REMOVAL                              Case No. _____

expense damages, emotional distress damages, punitive damages, and attorneys' fees anticipated to incur through trial, satisfied the amount in controversy requirement).

40.     Although Plaintiff does not state in her Complaint a certain amount for emotional distress damages, "the vagueness of plaintiff's pleadings with regard to emotional distress damages should not preclude the court from noting these damages are potentially substantial." *Richmond v. Allstate Ins. Co.*, 897 F.Supp. 477, 450 (S.D. Cal. 1995) (plaintiff's failure to make explicit demands in complaint did not prevent satisfaction of the amount in controversy).

41.     The following cases establish that in employment discrimination cases, emotional distress damages alone are often sufficient to satisfy the amount in controversy requirement. *See Bennett v. Alaska Airlines, Inc.*, CV 14-2804 FMO RZX, 2014 WL 1715811, at *3 (C.D. Cal. April 30, 2014) (removing defendant may establish the amount in controversy by reference to jury verdicts in comparable cases). In *Iwekaogwu v. City of Los Angeles*, 75 Cal. App. 4th 803 (1999), the court upheld an emotional distress award of $450,000 in a single-plaintiff employment discrimination case where the plaintiff did not seek treatment from a psychologist or psychiatrist and complained of only moderate symptoms, such as nightmares and stress. In *Betson v. Rite Aid Corp.*, *34 Trials Digest 14th 9*, 2011 WL 3606913 (Super. Ct. L.A. County May 27, 2011), the plaintiff was awarded $500,000 for pain and suffering in an employment discrimination action.

42.     Accordingly, the amount in controversy on Plaintiff's claims for emotional distress damages alone are more likely than not to exceed $75,000.

### iv.   **Punitive Damages**

43.     Plaintiff seeks to recover punitive damages. Ex. A at ¶¶ 33, 47, Prayer for Relief.

44.     Punitive damages are also included when determining the amount in controversy. *Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *Gibson v. Chrysler Corp.*, 261 F.3d 9277, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action").

45.     California law does not provide any specific monetary limit on the amount of punitive damages that may be awarded under California Civil Code section 3294, and the proper

DEFENDANTS' NOTICE OF REMOVAL                    Case No. _____

1    amount of punitive damages under California law is based on the reprehensibility of the

2    defendant's misdeeds. *Boyle v. Lorimar Productions, Inc.*, 13 F.3d 1357, 1359 (9th Cir. 1994).

3    An examination of jury awards show that punitive damages alone in employment discrimination

4    cases often exceed the $75,000 amount in controversy requirement. *See Carter v. CB Richard*

5    *Ellis*, 19 Trials Digest 6th 2, 2001 WL 34109371 (Orange County Superior Court) ($600,000

6    award of punitive damages in discrimination case).

7         46.    Plaintiff's claim for punitive damages alone exceeds the requisite $75,000 amount

8    in controversy amount. *Simmons*, *supra*, 209 F.Supp.2d at 1031-35 (finding that the plaintiff's

9    alleged income loss of only $25,600 at the time of removal, included with unspecified amounts for

10   medical expense damages, emotional distress damages, punitive damages, and attorneys' fees

11   anticipated to incur through trial, satisfied the amount in controversy requirement); *see e.g. Lang*

12   *v. Healthco Int'l Corp.*, 1986 WL 795038 (Fresno County Superior Court awarded $175,000 in

13   punitive damages in wrongful termination case).

14        47.    The inclusion of punitive damages further affirms that the amount in controversy

15   requirement is met here.

16                              **v.    Settlement Demands**

17        48.    A settlement letter is relevant evidence of the amount in controversy if it appears

18   to reflect a reasonable estimate of the plaintiff's claim. *See Cohn v. Petsmart, Inc.*, 281 F.3d 837,

19   840. Plaintiff's settlement offer is properly consulted in determining "plaintiff's assessment of the

20   value of her case." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092 (11th Cir. 1994). (While a "settlement

21   offer, by itself, may not be determinative, it counts for something"); *Wilson v. Belin*, 20 F.3d 644,

22   651 n. 8 (5th Cir. 1994).

23        49.    On March 10, 2022, Plaintiff, through her counsel, made a settlement demand of

24   $125,000. *See* Siegel Decl. ¶ 7. On April 4, 2022, Plaintiff made a reduced demand of $80,000. *Id*.

25   On October 7, 2022, Plaintiff made a demand of $75,000. *Id*.

26        50.    Plaintiff's settlement demands further affirm that the amount in controversy

27   requirement is met here.

28

DEFENDANTS' NOTICE OF REMOVAL                    Case No. _____

1

### vi.    Satisfaction of Requirements of 28 U.S.C. § 1446

2       51.    In accordance with 28 U.S.C. § 1446(a), this Notice of Removal is filed in the

3    District Court within which this action is pending.

4       52.    This Court is the proper venue because it is in the "district and division embracing

5    the place where such action is pending." 28 U.S.C. § 1441(a).  Under Civil L.R. 120(d), this action

6    shall be assigned to the Court's Sacramento Division as it arises out of Sacramento County.

7       53.    In accordance with 28 U.S.C. § 1446(a), this Notice of Removal is accompanied by

8    Exhibits A through B, which are copies of all process, pleadings, and orders served on Defendant.

9    *See* Siegel Decl. ¶ 5.

10       54.    In accordance with 28 U.S.C. § 1446(b), this Notice of Removal was filed within

11    30 days of the effective date of service on Defendant Claire's Boutiques, Inc.

12       55.    In accordance with 28 U.S.C. § 1446(d), Defendant will give written notice of the

13    removal of this action to Plaintiff via his counsel and file a copy of that notice with the Sacramento

14    County Superior Court.

15    ## V.    PRAYER FOR REMOVAL

16       Because this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332, 1441,

17    and 1446, Defendant respectfully requests that the Court exercise its removal jurisdiction over this

18    Action.  In the event the Court has a question regarding the propriety of this Notice of Removal,

19    Defendant requests that it issue an Order to Show Cause so that Defendant may have an

20    opportunity to more fully brief the basis for this removal.

21    Dated:  October 14, 2022                    JACKSON LEWIS P.C.

22

23                                        By:    */s/Adam Y. Siegel*

24                                               Adam Y. Siegel
                                               Mossamat N. Karim
25                                               Attorneys for Defendants
                                               CLAIRE'S BOUTIQUES, INC. and
26                                               CLAIRE'S HOLDINGS, LLC

27

28                                   4862-8095-6217, v. 1

12

DEFENDANTS' NOTICE OF REMOVAL                    Case No. _____