# EXHIBIT A

**RASi** REGISTERED AGENT SOLUTIONS INC

Registered Agent Solutions, Inc.
*Corporate Mailing Address*
1701 Directors Blvd.
Suite 300
Austin, TX 78744

Phone: (888) 705-RASi (7274)

# SERVICE OF PROCESS RECEIPT

2022-09-15

ROXANNE KING
**Claire's Boutiques, Inc.**
3 SW 129TH Avenue
Suite 300
Pembroke Pines, FL 33027 USA

**NOTICE OF CONFIDENTIALITY**

This notice and the information it contains are intended to be a confidential communication only to the individual and/or entity to whom it is addressed. If you have received this notice in error, immediately call our SOP Department at (888) 705-7274.

**RE: Claire's Boutiques, Inc.**

This receipt is to inform you that Registered Agent Solutions, Inc. has received a Service of Process on behalf of the above-referenced entity as your registered agent and is hereby forwarding the attached document(s) for your immediate review. A summary of the service is shown below; however, it is important that you review the attached document(s) in their entirety for complete and detailed information.

For additional information and instruction, contact the document issuer: STARPOINT, LC.

**SERVICE INFORMATION**

| | |
|---|---|
| Service Date: | 2022-09-15 |
| Service Time: | 2:22 PM PDT |
| Service Method: | Process Server |

**RASi REFERENCE INFORMATION**

| | |
|---|---|
| Service No.: | 0227272 |
| RASi Office: | California |
| Rec. Int. Id.: | AES |

**CASE INFORMATION**

| | |
|---|---|
| Case Number: | 34-2022-00324771 |
| File Date: | 08/09/2022 |
| Jurisdiction: | SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO |
| Case Title: | KILA SMITH VS. CLAIRE'S BOUTIQUES, INC., ET AL. |

**ANSWER / APPEARANCE INFORMATION**

30 days    *(Be sure to review the document(s) for any required response dates)*

**AGENCY / PLAINTIFF INFORMATION**

| | |
|---|---|
| Firm/Issuing Agent: | STARPOINT, LC. |
| Attorney/Contact: | MULTIPLE ATTORNEYS |
| Location: | California |
| Telephone No.: | 310-556-9627 |

**DOCUMENT(S) RECEIVED & ATTACHED**

Complaint
Summons
Notice: TO DEFENDANT; OF CASE MANAGEMENT
Demand for Jury Trial
Order: TO APPEAR

**ADDITIONAL NOTES**

MULTIPLE ANSWER GUIDELINES APPEAR IN THE DOCUMENT, PLEASE REVIEW.

**Questions or Comments...** Should you have any questions or need additional assistance, please contact the SOP Department at (888) 705-7274.

You have been notified of this Service of Process by Insta-SOP Delivery, a secure email transmission. The transmitted documents have also been uploaded to your Corplance account. RASi offers additional methods of notification including Telephone Notification and FedEx Delivery. If you would like to update your account's notification preferences, please log into your Corplance account at www.rasi.com.

*Thank you for your continued business!*

**SUMMONS**
*(CITACION JUDICIAL)*

SUM-100

FILED
Superior Court of California,

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

08/09/2022
lstewart1
By_____ , Deputy
Case Number:
34-2022-00324771

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CLAIRE'S BOUTIQUES, INC., a Michigan Corporation; Please see
Additional Parties Attachments Form.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

KILA SMITH, an individual.

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

---

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Gordon D. Schaber Courthouse<br>720 9th Street, Sacramento, California 95814<br>(916) 874-5522 | CASE NUMBER:<br>*(Número del Caso):* |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
STARPOINT, LC | 15233 Ventura Boulevard, Suite PH16, Sherman Oaks, CA 91403 | (310) 556-9627

| DATE:<br>*(Fecha)* AUG 0 9 2022 | Clerk, by<br>*(Secretario)* L. STEWART | , Deputy<br>*(Adjunto)* |
|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)

          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| SMITH v. CLAIRE'S BOTIQUES, INC., et al. | |

**INSTRUCTIONS FOR USE**

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff    ☒ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

CLAIRE'S HOLDINGS, LLC, a Limited Liability Company; RYAN VERO, and individual; and DOES 1 through 100, inclusive,

Page _____ of _____

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

FILED
Superior Court Of California,
Sacramento
08/05/2022
bstewart
By_____, Deputy
Case Number:
**34-2022-00324771**

1  Aidin D. Ghavimi, Esq. (State Bar No. 305808)
   John Vafa, Esq. (State Bar No. 306059)
2  Ilana N. Fine, Esq. (State Bar No. 331075)
   STARPOINT, LC
3  15233 Ventura Boulevard, Suite PH16
   Sherman Oaks, CA 91403
4  T: (310) 424-9971
   F: (424) 255-4035
5  info@starpointlaw.com
   service@starpointlaw.com
6

7  Attorneys for Plaintiff,
   KILA SMITH
8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                       COUNTY OF SACRAMENTO

                                                    BY FAX
11

12 KILA SMITH, an individual              CASE NO.
                                          [Unlimited Civil Jurisdiction]
13               Plaintiff,
                                          COMPLAINT FOR:
14      vs.
                                          1. Discrimination (Gov't C. §§12900 *et*
15 CLAIRE'S BOUTIQUES, INC., a Michigan       *seq.*);
   Corporation; CLAIRE'S HOLDINGS, LLC, a
16 Limited Liability Company; RYAN VERO,   2. Retaliation (Gov't C. §§ 12900 *et seq.*);
   and individual; and DOES 1 through 100,
17 inclusive,                              3. Failure to Take Reasonable Steps to
                                              Prevent Discrimination (Gov't C. §12900,
18                                            *et seq.*);
                 Defendants.
19                                         4. Failure to Accommodate (Gov't
                                              C. §§ 12900, *et seq.*);
20
                                          5. Failure to Engage in the Interactive
21                                           Process (Gov't C. §§ 12940 *et seq.*);

22                                         6. Wrongful Termination

23                                         7. Failure to Indemnify for Business
                                              Expenses (Cal. Lab. C. §§ 2802); and
24
                                          8. Unfair Competition (Cal. Bus. & Prof. C.
25                                           §17200, *et seq.*).

26                                        **DEMAND FOR JURY TRIAL**

27

28
                                    1
                               COMPLAINT

1    COMES NOW Plaintiff KILA SMITH for causes of action against Defendants CLAIRE'S

2    BOUTIQUES, INC., CLAIRE'S HOLDINGS, LLC, RYAN VERO and DOES 1 through 100,

3    inclusive and complains and alleges upon information and belief as follows:

4                                    **PARTIES**

5    1.    Plaintiff KILA SMITH ("Plaintiff") at all times relevant to this action, resided in

6    Sacramento County, California.

7    2.    Plaintiff is informed and believes, and based thereon alleges, that Defendant

8    CLAIRE'S BOUTIQUES, INC. ("CLAIRE'S) is a Michigan Corporation with its principal place of

9    business in Illinois. At all times mentioned herein, Defendants employed five or more persons.

10    3.    Plaintiff is informed and believes, and based thereon alleges, that Defendant

11    CLAIRE'S HOLDINGS, LLC ("HOLDINGS LLC") is a Delaware limited liability company with

12    its principal place of business in Illinois. Plaintiff is informed and believes, and based thereon alleges,

13    that at all times relevant hereto, HOLDINGS LLC was and is a parent company of CLAIRE'S.

14    4.    Plaintiff is informed and believes, and based thereon alleges, that Defendant RYAN

15    VERO ("VERO") is an owner, director, officer, or managing agent of Defendant CLAIRE'S and/or

16    DOES 26-50 and is liable to the Plaintiff under Cal. Lab. C. Sec. 558.1 for the wage and hour causes

17    of action asserted herein.

18    5.    Plaintiff is informed and believes, and based thereon alleges, that DOES 51-75 are

19    owners, directors, officers, or managing agents of Defendant CLAIRE'S and/or DOES 26-50 and are

20    liable to the Plaintiff under Cal. Lab. C. Sec. 558.1 for the wage and hour causes of action asserted

21    herein.

22    6.    Plaintiff is ignorant of the true names and capacities, whether individual, corporate,

23    associate or otherwise, of the Defendants sued herein under fictitious names Does 1 through 100,

24    inclusive, and for that reason sues said Defendants, and each of them, by such fictitious names.

25    Plaintiff is informed, believes, and thereupon alleges that each of the Defendants Does 1 through 100,

26    inclusive, is and was in some manner responsible for, participated in, or contributed to the matters

27    and things of which Plaintiff complains herein, and in some fashion has legal responsibility,

28    therefore. When Plaintiff ascertains the names and capacities of the fictitiously named Defendants

2

---

**COMPLAINT**

1    Does 1 through 100, inclusive, Plaintiff will seek leave to amend this Complaint to set forth such

2    facts.

3         7.      Plaintiff is informed, believes, and there upon alleges that each Defendants is, and at

4    all times relevant herein was, the agent of his, her, or its co-Defendants, and in committing the acts

5    alleged herein, was acting within the scope of his, her, or its authority as such agent, and with the

6    knowledge, permission, and consent of his, her, or its co-Defendants.

7         8.      Defendant and DOES 1 through 100, shall collectively be referred to in this Complaint

8    as "Defendants" when applicable.

9                          **JURISDICTION & VENUE**

10         9.      This Court has jurisdiction over this action and the matters alleged herein pursuant to

11    the grant of original jurisdiction set forth in Article VI, Section 10 of the California Constitution. The

12    statutes under which this action is brought do not specify any other basis for jurisdiction.

13        10.     This Court has jurisdiction over Defendant because, upon information and belief, each

14    Defendant is either a citizen of California, has sufficient minimum contracts in California, or

15    otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction

16    over it by this Court consistent with traditional notions of fair play and substantial justice.

17        11.     Venue is proper in this Court, because, upon information and belief, one or more of

18    the named Defendants resides, transacts business or has offices in this county and the acts or

19    omissions alleged herein took place in this county.

20                          **GENERAL ALLEGATIONS**

21        12.     Plaintiff is informed and believes, and based thereon alleges, that Defendant

22    CLAIRE'S is a global retailer of jewelry and accessories that operates over 2,000 stores worldwide.

23    Defendant CLAIRE's main operations facility is located in Hoffman Estates, Illinois. Plaintiff is

24    informed and believes, and based thereon alleges, that Defendant CLAIRE's operates over one

25    hundred (100) brick and mortar stores in the State of California and, specifically, at least two stores

26    in Sacramento County, State of California. At all times relevant hereto, Plaintiff worked at the

27    CLAIRE'S store located in the Arden Fair mall, 1689 Arden Way, #2184A, Sacramento, CA 95815.

28    Plaintiff is further informed and believes, and based thereon alleges, that at all times relevant hereto,

3

**COMPLAINT**

1   HOLDINGS LLC was and is a parent company of CLAIRE'S.

2       13.    Beginning in or around August 2006 and continuing until her termination on or around
3   February 4, 2021, Plaintiff worked for Defendants in various capacities, but most recently as assistant
4   manager. As an assistant manager, Plaintiff's duties included, but were not limited to, opening and
5   closing the store, taking in and performing inventory, engaging in customer service and sales
6   relations, and overseeing multiple sales employees.

7       14.    In or about mid- to late-December 2020, Plaintiff was suffering from flu-like
8   symptoms that have been associated with the Covid-19 virus. Covid-19 is a serious illness that
9   substantially limits those infected from engaging in major life activities including, but not limited to,
10  breathing, exercising, and working, amongst others. Due to the serious and deadly nature of the
11  Covid-19 virus, the State of California, Sacramento County, and California's Division of
12  Occupational Safety and Health (OSHA) implemented various orders and regulations, which
13  mandated that individuals sick with Covid-19 or suspected to have been exposed to Covid-19 self-
14  isolate and quarantine at home for at least 14 days before returning to work.

15      15.    Plaintiff called her employer and informed her direct supervisor, Silvia Gutierrez,
16  about her symptoms. Ms. Gutierrez instructed Plaintiff to get tested for Covid-19 and to not return to
17  work until she received a negative test result. Accordingly, on December 21, 2020, Plaintiff was
18  tested for Covid-19 at a local urgent care. Plaintiff paid approximately $150 for her Covid-19 test.
19  Plaintiff informed her employer about the cost, but she was never reimbursed.

20      16.    Approximately 48-72 hours after getting tested for Covid-19, Plaintiff received a
21  negative result. Plaintiff sent her result to CLAIRES' benefits department, and she was told that she
22  was not to return to work until January 1, 2021. Plaintiff was not paid for the time she was required
23  to take off.

24      17.    On or around January 23, 2021, while Plaintiff was getting ready to go to work,
25  Plaintiff fainted, hit her head, and lost consciousness. Plaintiff's father and son rushed Plaintiff to the
26  hospital. Plaintiff's physicians ran laboratory tests and determined that she had experienced a
27  vasovagal syncope, which causes fainting. Plaintiff was discharged and was scheduled a follow up
28  appointment for January 27, 2021.

4

**COMPLAINT**

1

2      18.    On January 24, 2021, Plaintiff returned to the hospital after suffering from a

3  prolonged, severe headache. Plaintiff underwent a CAT scan and an EKG and was diagnosed with a

4  concussion, high stress, anxiety. Plaintiff was placed off work for two days, until January 26, 2021.

5  Plaintiff's medical condition limited her ability to participate in major life activities including caring

6  for oneself, performing intensive manual tasks, sleeping, standing, concentrating, working and/or

7  engaging in interpersonal interactions.

8      19.    Plaintiff informed CLAIRE'S about her medical condition and the need for time off.

9  Shortly thereafter, on or about February 4, 2021, CLAIRE'S terminated Plaintiff's employment.

10      20.    In harassment and discrimination based on disability and/or medical condition, and in

11  retaliation for seeking a reasonable accommodation for that disability in the form of physician-

12  required medical leave, Plaintiff was terminated from her employment with CLAIRE'S on the

13  pretextual grounds that her work performance was poor. As soon as CLAIRE'S became aware of

14  Plaintiff's medical condition and potential need for future medical leave, Plaintiff's employment was

15  terminated. The proximity in time between Plaintiff notifying CLAIRE'S about her medical condition

16  and her termination further evidences CLAIRES' discriminatory and retaliatory intent in terminating

17  Plaintiff.

18      21.    Plaintiff's health and career has been materially and adversely affected and irreparably

19  harmed and damaged by the conduct of Defendants. Defendants, and each of them, discriminated and

20  harassed Plaintiff because of her disability and/or medical condition and retaliated against Plaintiff

21  for engaging in protected activity by reporting and/or opposing such discrimination and harassment

22  and for requesting a reasonable accommodation as set forth herein. Plaintiff was discriminated,

23  harassed, and retaliated against for exercising her rights as alleged herein.

24      22.    As a direct and proximate consequence of exercising such rights—which

25  constitutes protected activity under state and federal law—Defendants, and each of them, retaliated

26  against, discriminated against, and harassed Plaintiff and subjected Plaintiff to adverse employment

27  actions. Those adverse employment actions include but are not limited to failing to accommodate

28  Plaintiff and terminating Plaintiff.

5

**COMPLAINT**

23.     Plaintiff has suffered both general and special damages in the past and present and will continue to suffer such damages in the future for an unknown period of time. Plaintiff has also suffered and continues to suffer losses in earnings and other employment benefits, as well as past and future non-economic injury. Moreover, Defendants' unlawful conduct has adversely affected Plaintiff's personal health and well-being. Plaintiff has also suffered extensive general damages in the form of anxiety, anguish, and mental suffering. Plaintiff's damages are continuing and in an amount not yet determined, but in excess of the jurisdictional minimum of this Court.

24.     The conduct of Defendants, and each of them, was a violation of Plaintiff's rights, as described above, as well as his rights under both state and federal law, including the Fair Employment and Housing Act (Cal. Gov't C. §§ 12940, et seq.). Therefore, Defendants, and each of them, are liable under the FEHA as well as for retaliation and wrongful termination in violation of public policy.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

25.     On or about October 29, 2021, the Department of Fair Employment and Housing issued a Notice of Case Closure and Right-to-Sue letter to Plaintiff, authorizing the filing of a private lawsuit in order to enforce rights under the Fair Employment and Housing Act ("FEHA"). Plaintiff has timely exhausted all administrative remedies required by FEHA as a prerequisite to filing this action.

## FIRST CAUSE OF ACTION

### Discrimination in Violation of Gov't Code §§ 12900, *et seq.*

### (Against Defendants CLAIRE'S, HOLDINGS, and DOES 1 - 25)

26.     Plaintiff refers to and incorporates by reference each and every paragraph above as though fully set forth herein.

27.     Defendants are subject to suit under the Fair Employment and Housing Act, Government Code section 12940, *et seq.* ("FEHA"), in that they regularly employ five or more persons. (Gov. Code § 12926, *et seq.*)

28.     California Government Code section 12940(a) prohibits discrimination on the basis of an employee's disability or medical condition. This prohibition encompasses a proscription against

6

**COMPLAINT**

1  an employer discharging an employee because of his or her disability or medical condition. (Gov.

2  Code § 12940(a)).

3      29.     At all times relevant hereto, Plaintiff was employed by Defendant CLAIRE's and/or

4  HOLDINGS as an assistant manager. Defendant was at all times aware of Plaintiff's disability and/or

5  medical condition because Plaintiff informed her employer of her condition. Nevertheless, Defendant

6  discriminated against Plaintiff on the basis of her disability and/or medical condition.

7      30.     Plaintiff is informed and believes, and based thereon alleges, that Plaintiff's disability

8  and/or medical condition was a substantial motivating factor in Plaintiff's termination.

9      31.     As a result of Defendant's discriminatory conduct, Plaintiff has suffered and continues

10  to suffer substantial losses in earnings and other employment benefits, has incurred attorneys' fees and

11  costs and medical bills, all to Plaintiff's damage and in excess of the minimum jurisdiction of this

12  court, the precise amount of which will be proven at the time of trial. Plaintiff claims such amount as

13  damages together with prejudgment interest pursuant to Civil Code Section 3287 and/or any other

14  provision of law providing for pre-judgment interest.

15      32.     As a result of Defendant's discriminatory conduct, Plaintiff has suffered and continues

16  to suffer severe anxiety, humiliation, mental anguish, embarrassment, worry, sleeplessness, mental

17  and emotional distress, loss of reputation, and other incidental damages and out-of-pocket expenses,

18  all to Plaintiff's general damage and in excess of the minimum jurisdiction of this court, the precise

19  amount of which will be proven at the time of trial.

20      33.     Defendant, in engaging in the unlawful conduct alleged above, acted with a conscious

21  disregard of Plaintiff's rights, and with the intent to vex, injure, and annoy Plaintiff, such as to

22  constitute oppression, fraud, or malice under California Civil Code § 3294, thereby entitling Plaintiff

23  to exemplary or punitive damages.

24  **SECOND CAUSE OF ACTION**

25  **Retaliation in Violation of Gov't Code §§ 12900, *et seq.***

26  **(Against Defendants CLAIRE'S, HOLDINGS, and DOES 1 - 25)**

27      34.     Plaintiff refers to and incorporates herein by reference the previous paragraphs as

28  though fully set forth herein.

7

**COMPLAINT**

35.     At all times mentioned herein, Government Code §§ 12940, *et seq.*, was in full force and effect and was binding upon Defendants, and each of them. Said sections required Defendant to refrain from retaliating against an employee for his or her opposition to employment practices prohibited under the FEHA and for otherwise engaging in protected activity, including requesting a reasonable accommodation.

36.     At all times herein mentioned, Plaintiff was in the protected class of persons based on her disability and/or medical condition, and was an individual who engaged in protected activities contemplated by Government Code §§ 12940, *et seq.* Plaintiff is informed and believes and based thereon alleges that Defendant retaliated against her based on disability and/or medical condition, and for generally attempting to protect and secure her rights and the rights of others under the FEHA.

37.     Commencing before and during December 2020, and continuing to the present, Defendant retaliated against Plaintiff for engaging in protected activity as alleged herein. Such retaliation was in violation of Government Code §§ 12940, *et seq.* and the public policy embodied therein.

38.     At all times relevant hereto, Defendant had actual and/or constructive knowledge of the retaliatory conduct levied against Plaintiff by Defendant, fellow employees, and superiors. Moreover, such retaliation and discriminatory conduct was also conducted and/or condoned by Defendant.

39.     As a direct, foreseeable, and proximate result of Defendant's retaliatory conduct, Plaintiff suffered and continues to suffer humiliation, embarrassment, anxiety, mental anguish, and emotional distress. Plaintiff was required to and did employ, and will in the future employ, physicians and health care providers to examine, treat and care for Plaintiff, and did, and will in the future, incur medical and incidental expenses. The exact amount of such expenses is unknown to Plaintiff at this time.

40.     As a direct, foreseeable, and proximate result of Defendants' retaliatory conduct, Plaintiff suffered and continues to suffer losses in earnings and other employment benefits all to Plaintiff's damage in an amount in excess of the minimum jurisdictional limits of this court, the

8

**COMPLAINT**

1  precise amount of which will be proven at trial.

2    41.   As a further legal result of the above-described conduct of Defendant, Plaintiff has

3  and will continue to incur attorneys' fees and costs in an amount according to proof.

4  ### THIRD CAUSE OF ACTION

5  **Failure to Prevent Discrimination in Violation of Gov't Code §§ 12900, *et seq.***

6  **(Against Defendants CLAIRE'S, HOLDINGS, and DOES 1 - 25)**

7    42.   Plaintiff refers to and incorporates herein by reference all of the above paragraphs as

8  though fully set forth herein.

9    43.   At all times mentioned herein, Government Code section 12900, *et seq.*, was in full

10 force and effect and was fully binding upon Defendant. Specifically, section 12940(k) makes it an

11 unlawful employment practice for an employer to fail to take all reasonable steps necessary to prevent

12 discrimination, retaliation, and/or harassment based on an employee's disability and/or medical

13 condition.

14   44.   Plaintiff was subject to discrimination, retaliation, and/or harassment in the

15 workplace, and Defendant, having knowledge of same, failed to take all reasonable steps to prevent

16 discrimination, harassment, and/or retaliation by subjecting Plaintiff to adverse employment actions,

17 including but not limited to terminating Plaintiff.

18   45.   As a direct, foreseeable, and proximate result of Defendants' unlawful actions,

19 Plaintiff has suffered and continues to suffer substantial losses in earnings and other employment

20 benefits and has incurred other economic losses.

21   46.   As a direct, foreseeable, and proximate result of Defendants' unlawful actions,

22 Plaintiff has suffered emotional distress, humiliation, shame, and embarrassment, all to Plaintiff's

23 damage and in an amount to be proven at the time of trial.

24   47.   Defendant, in engaging in the unlawful conduct alleged above, acted with a conscious

25 disregard of Plaintiff's rights, and with the intent to vex, injure, and annoy Plaintiff, such as to

26 constitute oppression, fraud, or malice under California Civil Code § 3294, thereby entitling Plaintiff

27 to exemplary or punitive damages, or in the alternative under California Civil Code § 3333 for breach

28 of an obligation not arising out contract to "compensate for all the detriment proximately caused

9

---

**COMPLAINT**

1    thereby, whether it could have been anticipated or not."

2    **FOURTH BASIS FOR RELIEF**

3    **Failure to Accommodate in Violation of Gov't Code §§ 12900 *et seq*.**

4    **(Against Defendants CLAIRE'S, HOLDINGS, and DOES 1 - 25)**

5         48.    Plaintiff refers to and incorporates herein by reference the previous paragraphs as

6    though fully set forth herein.

7         49.    At all times herein mentioned, Government Code § 12940(m) was in full force and

8    effect and was binding upon Defendants, and each of them. Defendants were aware of Plaintiff's

9    disability and/or medical condition and failed to reasonably accommodate Plaintiff.

10        50.    At all times herein mentioned, Plaintiff was in the protected class of persons, *i.e.*, one

11    who had a disability or medical condition or a perceived disability or medical condition, and one

12    who engaged in protected activities contemplated by Government Code §§ 12940, *et seq*. Plaintiff is

13    informed and believes and based thereon alleges that Defendants, and each of them, discriminated

14    against her based on her disability, medical condition, perceived disability, and/or perceived medical

15    condition, and for generally attempting to protect and secure her rights and the rights of others under

16    the FEHA. Defendants, and each of them, knew of Plaintiff's disabling physical condition, and failed

17    to provide Plaintiff with a reasonable accommodation for her medical condition.

18        51.    Defendants knew of Plaintiff's actual or perceived medical condition and failed to

19    provide Plaintiff with a reasonable accommodation. *Hernandez v. Rancho Santiago Comm. College*

20    *Dist.* (2018) 22 Cal.App.5th 1187, 1194 (finding "the accommodation can hardly be considered

21    reasonable when it included the consequence that she would lose her job if she took the time

22    off ..."].

23        52.    As a further legal result of the above-described conduct of Defendants, and each of

24    them, Plaintiff has and will continue to incur attorneys' fees and costs in an amount according to

25    proof.

26        53.    As a direct, foreseeable, and proximate result of Defendants' discriminatory conduct

27    and failure to act, Plaintiff suffered and continues to suffer humiliation, embarrassment, anxiety,

28    mental anguish, and emotional distress. Plaintiff was required to and did employ and will in the future

10

**COMPLAINT**

1    employ physicians and health care providers to examine, treat and care for Plaintiff, and did, and will

2    in the future, incur medical and incidental expenses. The exact amount of such expenses is unknown

3    to Plaintiff at this time.

4         54.    As a direct, foreseeable, and proximate result of Defendants' conduct, Plaintiff

5    suffered and continues to suffer losses in earnings and other employment benefits all to her damage

6    and in an amount in excess of the jurisdictional minimum, the precise amount of which will be proven

7    at trial.

8    **FIFTH BASIS FOR RELIEF**

9    **Failure to Engage in the Interactive Process in Violation of Gov't Code §§ 12940 *et seq.***

10   **(Against Defendants CLAIRE'S, HOLDINGS, and DOES 1 - 25)**

11        55.    Plaintiff refers to and incorporates herein by reference the previous paragraphs as

12   though fully set forth herein.

13        56.    At all times herein mentioned, Government Code § 12940(n) was in full force and

14   effect and was binding upon Defendants, and each of them. Defendants were aware of Plaintiff's

15   disability and/or medical condition and yet failed to engage in a timely, good faith interactive process

16   with Plaintiff to reasonably accommodate Plaintiff.

17        57.    At all times herein mentioned, Plaintiff was in the protected class of persons, *i.e.*, one

18   who had a disability or medical condition or a perceived disability or medical condition, and one

19   who engaged in protected activities contemplated by Government Code §§ 12940, *et seq.* Plaintiff is

20   informed and believes and based thereon alleges that Defendants, and each of them, discriminated

21   against her based on her disability, medical condition, perceived disability, and/or perceived medical

22   condition, and for generally attempting to protect and secure her rights and the rights of others under

23   the FEHA. Defendants and each of them, knew of Plaintiff's physical condition, failed to engage in

24   a timely, good faith interactive process with Plaintiff to reasonably accommodate Plaintiff, and failed

25   to provide Plaintiff with a reasonable accommodation for his physical condition.

26        58.    As a further legal result of the above-described conduct of Defendants, and each of

27   them, Plaintiff has and will continue to incur attorneys' fees and costs in an amount according to

28   proof.

11

---

**COMPLAINT**

59. As a direct, foreseeable, and proximate result of Defendants' discriminatory conduct and failure to act, Plaintiff suffered and continues to suffer humiliation, embarrassment, anxiety, mental anguish, and emotional distress. Plaintiff was required to and did employ and will in the future employ physicians and health care providers to examine, treat and care for Plaintiff, and did, and will in the future, incur medical and incidental expenses. The exact amount of such expenses is unknown to Plaintiff at this time.

60. As a direct, foreseeable, and proximate result of Defendants' conduct, Plaintiff suffered and continues to suffer losses in earnings and other employment benefits all to his damage in an amount in excess of the jurisdictional minimum of this court, the precise amount of which will be proven at trial.

### SIXTH CAUSE OF ACTION

#### Wrongful Termination in Violation of Public Policy

#### (Against Defendants CLAIRE'S, HOLDINGS, and DOES 1 - 25)

61. Plaintiff refers to and incorporates herein by reference the previous paragraphs as though fully set forth herein.

62. At all times mentioned herein, Government Code § 12940 and other code sections cited herein were in full force and effect and were binding on Defendants. The code sections evince policies that benefit society at large, were well-established at the time of Plaintiff's discharge, and are substantial and fundamental.

63. Plaintiff alleges that she was discharged from his employment with Defendant CLAIRE'S for reasons that violate public policy. Specifically, it is a violation of public policy to discharge an individual from employment because of his or her membership in a protected class and/or as a result of his or her exercise of protected activity as alleged herein.

64. At all times relevant hereto, Plaintiff was employed by Defendant CLAIRE'S. Defendant discharged Plaintiff because of Plaintiff's disability and/or medical condition and/or as a result of Plaintiff's exercise of protected activity as alleged herein. Plaintiff is informed and believes, and based thereon alleges, that Plaintiff's disability and/or medical condition and/or Plaintiff's exercise of protected activity was a substantial motivating reason for Plaintiff's discharge.

12

**COMPLAINT**

1     65.     As a direct, foreseeable, and proximate result of Defendants' retaliatory conduct

2   and wrongful termination in violation of public policy, Plaintiff has suffered and continues to

3   suffer humiliation, embarrassment, anxiety, mental anguish, and emotional distress. Plaintiff was

4   required to and did employ, and will in the future employ, physicians and health care providers to

5   examine, treat and care for Plaintiff, and did, and will in the future, incur medical and incidental

6   expenses. The exact amount of such expenses is unknown to Plaintiff at this time.

7     66.     As a direct, foreseeable, and proximate result of the Defendant's retaliatory

8   conduct and wrongful termination, Plaintiff has suffered and continues to suffer losses in earnings

9   and other employment benefits all to Plaintiff's damage and in an amount in excess of the

10  minimum jurisdictional limits of this court, the precise amount of which will be proven at trial.

11    67.     As a further legal result of the above-described unlawful conduct of Defendants,

12  and each of them, Plaintiff has and will continue to incur attorneys' fees and costs in an amount

13  according to proof.

14                              **SEVENTH CAUSE OF ACTION**

15         **Failure to Indemnity for Business Expenses in Violation of Cal. Lab. C. § 2802**

16              **(Against Defendants CLAIRE'S, HOLDINGS, VERO, and DOES 26 - 75)**

17    68.     Plaintiff refers to and incorporates herein by reference the previous paragraphs as

18  though fully set forth herein.

19    69.     California *Labor Code* § 2802(a) requires an employer to "indemnify his or her

20  employee for all necessary expenditures or losses incurred by the employee in direct consequence of

21  the discharge of his or her duties, or of his or her obedience to the directions of the employer."

22    70.     During the course of Plaintiff's employment, Defendants failed to reimburse Plaintiff

23  for the costs incurred for the use of her personal cell phone, which she was required to maintain and

24  use for work-related purposes daily, and for the Covid-19 test she was required to receive in order to

25  return to work after suffering from Covid-19-like symptoms.

26    71.     As a result, Plaintiff is entitled to civil penalties pursuant to California *Labor*

27  *Code* §§ 203, 1194, 1197, 2802, 2804 and related statutes, the exact amounts of such damages to be

28  proven at trial.

13

**COMPLAINT**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EIGHTH CAUSE OF ACTION**

**Unfair Competition in Violation of Cal. Bus. & Prof. C. §§ 17200, *et seq.***

**(Against Defendants CLAIRE'S, HOLDINGS, and DOES 1 - 75)**

72.     Plaintiff refers to and incorporates herein by reference the previous paragraphs as though fully set forth herein.

73.     California Business and Professions Code §17200 provides, in relevant part: "As used in this chapter, unfair competition shall mean and include any unlawful or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code."

74.     Through the conduct alleged herein, Defendants have acted contrary to these public policies, have violated specific provisions of the FEHA, have violated specific provisions of the California *Labor Code*, and have engaged in other unlawful and unfair business practices in violation of California Business and Professions Code §17200, *et seq.*, thus depriving Plaintiff of rights, benefits, and privileges guaranteed to all employees in California. Defendants' conduct as alleged herein constitutes unfair competition in violation of §17200 *et seq.* of the California Business and Professions Code.

75.     The acts of Defendants as alleged herein were unfair, unlawful, and fraudulent as defined in California Business and Professions Code §17200. Such acts constitute an unfair business practice and unfair competition, thus violating California Business and Professions Code § 17200, *et seq.* As a result, Defendants obtained valuable property, money, and/or services from Plaintiff, including earned wages for all hours worked, and have deprived Plaintiff of valuable rights and benefits guaranteed by law, all to the detriment of Plaintiff and to the benefit of Defendants so as to allow Defendants to unfairly compete against competitors who comply with the law.

76.     As a result of the foregoing conduct, Plaintiff is entitled to recover restitution damages. Plaintiff is also entitled to recover reasonable attorneys' fees pursuant to Code of Civil Procedure §1021.5.

///

14

**COMPLAINT**

## PRAYER FOR RELEIF

WHEREFORE, Plaintiff prays for judgment against Defendants, and DOES 1 through 100, inclusive, and each of them, jointly and severally, as follows:

1. For such general, special and liquidated damages in amounts to be proven at the time of trial;

2. For restitution damages in the form of unpaid wages and commissions and improperly calculated wages;

3. For punitive and exemplary damages in amounts to be proven at the time of trial;

4. For an award to Plaintiff of costs of suit incurred and reasonable attorneys' fees;

5. For pre- and post-judgment interest at the prevailing statutory rates; and

6. For such other relief as the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial.

DATED: August 4, 2022                    STARPOINT, LC


By: _____
    AIDIN GHAVIMI, ESQ.
    JOHN VAFA, ESQ.
    ILANA FINE, ESQ.
    Attorneys for Plaintiff,
    KILA SMITH

15

**COMPLAINT**

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 720 Ninth STREET<br>MAILING ADDRESS: 720 Ninth STREET<br>CITY AND ZIPCODE: Sacramento, CA 95814-1311<br>BRANCH NAME: Gordon D Schaber Courthouse<br>PHONE NUMBER: (916) 874-5522 | |

| SHORT TITLE:    Smith vs. Claire's Boutiques Inc, a Michigan corporatio | |
|---|---|
| **NOTICE OF CASE MANAGEMENT CONFERENCE**<br>**AND ORDER TO APPEAR** | CASE NUMBER:<br>34-2022-00324771-CU-OE-GDS |

**Hearing Date**

The above entitled action has been set for a case management conference at 08:30 AM on 05/12/2023 in Department  36  in accordance with California Rules of Court 3.722.  You must be familiar with the case and fully prepared to participate effectively in the case management conference.

**Case Management Statement**

All parties must file and serve a case management statement at least 15 calendar days before the case management conference. Parties are encouraged to file a single joint case management statement.

**Minimum Requirements**
Prior to the filing of the case management statement, the parties should have done the following:
-Served all parties named in the complaint within 60 days after the summons has been issued
-Ensured that all defendants and cross-defendants have answered, been dismissed, or had their defaults entered
-Met and conferred with all parties as required by CRC 3.724 to discuss and resolve issues set forth therein.

**Tentative Ruling**
Following its review of the case management statement(s), the court may determine that a case management conference is not necessary.
To determine whether an appearance is required, the parties must check the court's tentative rulings after 2:00 p.m. on the Court day before the Thursday calendar by accessing the court's internet website at
www.saccourt.ca.gov/PublicCaseAccess/

**Remote Appearances**
Unless ordered to appear in person by the court, parties may appear remotely either telephonically or by video conference via the Zoom video/audio conference platform with notice to the court and all other parties in accordance with Code of Civil Procedure 367.75. If appearing remotely, parties are required to participate in their hearing using a device that has video and/or audio capability (i.e. computer, smartphone, or tablet).  Although remote participation is not required, the court will presume all parties are appearing remotely for non-evidentiary civil hearings.

**Certification Filed in Lieu of Case Management Statement**
If parties in the action file a certification on a form provided by the court at least 15 calendar days prior to the date of the case management conference that the case is short cause (five hours or less of trial time), that the pleading stage is complete and that the case will be ready for trial within 60 days, the case will be exempted from any further case management requirements and will be set for trial within 60-120 days. The certification shall be filed in lieu of a case management statement.

**Case Management Orders**
At the case management conference, the court will consider whether the case should be ordered to judicial arbitration or referred to other forms of Alternative Dispute Resolution. Whether or not a case management conference is held, the court will issue a case management order shortly after the scheduled conference date.

**Service of Case Management Notice**
Unless otherwise ordered by the court, plaintiff shall serve a copy of this notice on any party to the complaint appearing after the court issued this notice. The cross-complainant shall have the same obligation with respect to the cross-complaint.

**Compliance**
Failure to comply with this notice or to appear at the case management conference may result in the imposition of sanctions (including dismissal of the case, striking of the answer, or payment of money).

**Continuances**
Case management conference will not be continued except on a showing of good cause. If your case management conference is continued on motion or by the court on its own motion all parties shall file and serve a new case management statement at least 15 calendar days before the continued case management conference.

Dated: 08/09/2022

Kenneth C. Mennemeier, Jr.

Kenneth C. Mennemeier  , Judge of the Superior Court

NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER TO APPEAR    Page: 2