# EXHIBIT B

Adam Y. Siegel (State Bar No. 238568)
JACKSON LEWIS P.C.
725 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5408
Telephone:  (213) 689-0404
Facsimile:  (213) 689-0430
E-mail: Adam.Siegel@jacksonlewis.com

Mossamat N. Karim (State Bar No. 329711)
JACKSON LEWIS P.C.
50 California Street, 9th Floor
San Francisco, California 94111-4615
Telephone: (415) 796-5421
Facsimile: (415) 394-9401
E-mail: Mossamat.Karim@jacksonlewis.com

Attorneys for Defendants
CLAIRE'S BOUTIQUES, INC.
AND CLAIRE'S HOLDINGS, LLC

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SACRAMENTO

| KILA SMITH, | Case No. 34-2022-00324771 |
|---|---|
| Plaintiff, | **DEFENDANTS CLAIRE'S BOUTIQUES, INC. AND CLAIRE'S HOLDINGS, LLC'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT** |
| v. | |
| CLAIRE'S BOUTIQUES, INC. a Michigan Corporation; CLAIRE'S HOLDINGS, LLC, a Limited Liability Company; RYAN VERO, a individual; and DOES 1 through 100, inclusive, | |
| Defendants. | |
| | Complaint Filed: 08/05/2022<br>Trial Date: TBD |

TO THE COURT, PLAINTIFF, AND HER COUNSEL OF RECORD:

Defendants Claire's Boutiques, Inc. ("Employer") and Claire's Holdings, LLC (collectively "Defendants") hereby answer the Unverified Complaint ("Complaint") of Plaintiff Kila Smith ("Plaintiff") as follows:

///

## GENERAL DENIAL

Pursuant to Code of Civil Procedure section 431.30, subdivision (d), Defendants generally deny each and every allegation of said unverified Complaint, and the whole thereof, and each and every allegation of each and every cause of action alleged therein, and further expressly deny that as a direct or proximate result of any acts or omissions on the part of Defendants, Plaintiff herein sustained or suffered injury or damage in the amount alleged in the unverified Complaint, or in any amount at all, or that Plaintiff has suffered injury or damage for any reason in the sums alleged in the unverified Complaint, or in any other sum or sums, or at all.

## DEFENSES

By way of affirmative defenses to the allegations of the Complaint herein, Defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE

*(Failure to State a Claim)*

1.  Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendants upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

*(Statute of Limitations)*

2.  Plaintiff's claims are barred to the extent that they were not filed within the applicable statutes of limitation, including, but not limited to, the California Fair Employment and Housing Act ("FEHA"), Government Code sections 12940, 12960, subdivision (d), and 12965, subdivision (b), California Labor Code section 2698 *et. seq.*, California Code of Civil Procedure sections 335.1, 337, 338(a), 339, 340 and 343, Business and Professions Code sections 17200, 17208, or any other administrative regulation or requirement.

### THIRD AFFIRMATIVE DEFENSE

*(Failure to Exhaust Administrative Remedies)*

3.  Plaintiff's claims are barred to the extent Plaintiff has failed to exhaust her administrative remedies and are barred in whole or in part to the extent that Plaintiff's allegations

exceed the scope of any administrative charge she may have filed.

## FOURTH AFFIRMATIVE DEFENSE

*(At-Will Employment)*

4.  Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred to the extent Plaintiff's employment was for an unspecified duration and, therefore, pursuant to Labor Code section 2922, terminable at will, with or without cause, in Defendant Employer's sole discretion.

## FIFTH AFFIRMATIVE DEFENSE

*(Privileged/Justification/Managerial Immunity)*

5.  Plaintiff's Complaint and each purported claim alleged therein are barred because Defendants allege that their conduct was a just and proper exercise of managerial discretion, undertaken for fair and honest reasons, comporting with good faith under the circumstances then existing, and was privileged and justified.

## SIXTH AFFIRMATIVE DEFENSE

*(No Jury Trial for Unfair Competition Claim)*

6.  Defendant asserts that to the extent Plaintiff seeks equitable relief under the Eighth Cause of Action under California Business & Professions Code sections 17200, *et seq.*, she is not entitled to a jury trial and must instead adjudicate her claims by way of a bench trial. (See *Hodge v. Superior Court* (2006) 145 Cal.App.4th 278.)

## SEVENTH AFFIRMATIVE DEFENSE

*(Legitimate and Non-Discriminatory/Retaliatory Reasons/Business Necessity)*

7.  Plaintiff's Complaint, to the extent founded upon any alleged unlawful discrimination/retaliation, is barred because any and all actions taken by Defendant Employer with respect to Plaintiff were taken in good faith for legitimate, non-discriminatory/retaliatory reasons, and were necessary in order to further the safe, lawful, and efficient operation of Defendant Employer's business.

///

///

## EIGHTH AFFIRMATIVE DEFENSE

(*Same Decision*)

8. Plaintiff's Complaint and each alleged cause of action are barred in whole or in part because assuming *arguendo* that discriminatory/retaliatory reasons were a factor in any employment decision involving Plaintiff, Defendant Employer would have made the same employment decisions with regard to Plaintiff for legitimate, non-discriminatory, and non-retaliatory business reasons.

## NINTH AFFIRMATIVE DEFENSE

(*Failure to Exercise Reasonable Care/Avoidable Consequences*)

9. Plaintiff's Complaint, to the extent founded upon any alleged unlawful discrimination/retaliation, is barred because to the extent that any actions of Defendant Employer could be construed as unlawful discrimination/retaliation (which it unequivocally denies), Defendant Employer exercised reasonable care to prevent such conduct and would have taken immediate and appropriate corrective action to remedy and stop any such alleged misconduct if Plaintiff had informed it about the alleged misconduct. However, Plaintiff failed to utilize the preventive or corrective remedies provided to prevent and to otherwise avoid such harm. Plaintiff's claims are therefore barred in whole or limited in part by the doctrine of avoidable consequences.

## TENTH AFFIRMATIVE DEFENSE

(*After-Acquired Evidence*)

10. Plaintiff's Complaint is barred in whole or in part by information obtained by Defendants as to misconduct sufficiently severe to justify any and all alleged adverse actions taken against her, such that the Complaint, and each purported claim alleged therein, is barred or Plaintiff's alleged damages are limited by the doctrine of after-acquired evidence.

## ELEVENTH AFFIRMATIVE DEFENSE

(*Equitable Doctrines*)

11. Defendants are informed and believe that any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred under the equitable doctrines of estoppel,

laches, consent, waiver, and/or unclean hands.

## TWELFTH AFFIRMATIVE DEFENSE

*(Failure to Reasonably Mitigate Damages)*

12. Plaintiff is barred from recovering any damages, or any recovery must be reduced accordingly, by virtue of Plaintiff's failure to exercise reasonable diligence and/or failure to reasonably mitigate her alleged damages and/or failure to reasonably avoid the alleged harm.

## THIRTEENTH AFFIRMATIVE DEFENSE

*(Workers Compensation Exclusivity Doctrine)*

13. To the extent Plaintiff claims any acts of Defendants, or Defendant Employer's employees, caused her alleged emotional distress, or other injury or damage, all of which Defendants deny, the exclusive remedy for Plaintiff's alleged emotional distress and/or other injuries, if any, lies under the California Workers' Compensation Act, California Labor Code sections 3600 et seq.

## FOURTEENTH AFFIRMATIVE DEFENSE

*(Punitive Damages Unconstitutional)*

14. To the extent that Plaintiff may seek punitive damages, Plaintiff's recovery is limited by applicable provisions of the California and/or United States Constitutions. Any award of punitive damages to Plaintiff in this case would be in violation of the constitutional safeguards provided to Defendants under the Constitution of the United States and/or the laws of the State of California.

## FIFTEENTH AFFIRMATIVE DEFENSE

*(All Due Compensation Paid)*

15. The Seventh Cause of Action for failure to indemnify for business expenses is barred because, upon information and belief, Defendant has paid Plaintiff all income, compensation, and pay to which she has ever been entitled to under the California Labor Code and the applicable orders of the Industrial Welfare Commission.

///

///

## SIXTEENTH AFFIRMATIVE DEFENSE

(*Offset*)

16. Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part because Defendant is entitled to an offset for any monies Plaintiff received from any source after Plaintiff ceased to be employed by Defendant, under the doctrine prohibiting double recovery set forth by *Witt v. Jackson* (1961) 57 Cal.2d 57 and its progeny.

## RESERVATION OF RIGHTS TO ASSERT ADDITIONAL DEFENSES

Plaintiff has failed to set out her claims, counts, and causes of action, if any, with sufficient particularity to permit Defendants to raise all potentially appropriate defenses, and thus Defendants reserve the right to state additional affirmative defenses as the bases for Plaintiff's purported claims, counts, and causes of action become known.

## PRAYER

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiff take nothing by way of the Complaint;

2. That the Complaint and each claim for relief be dismissed in its entirety with prejudice;

3. That Plaintiff be denied each and every demand and prayer for relief contained in the Complaint;

4. For costs of suit incurred herein, including reasonable attorneys' fees, as and where permitted under California law; and

5. For such other and further relief as the Court deems just and equitable.


Dated: October 11, 2022                    JACKSON LEWIS P.C.

                                           By: _____
                                           Adam Y. Siegel
                                           Mossamat N. Karim
                                           Attorneys for Defendant(s)
                                           CLAIRE'S BOUTIQUES, INC.
                                           AND CLAIRE'S HOLDINGS, LLC

**PROOF OF SERVICE**

I, Lauretta Adams, declare that I am employed with the law firm of Jackson Lewis P.C., whose address is 50 California Street, 9th Floor, San Francisco, California 94111-4615; I am over the age of eighteen (18) years and am not a party to this action.

On October 11, 2022, I served the attached document(s): **ANSWER TO COMPLAINT** in this action by placing a true and correct copy thereof, enclosed in a sealed envelope, and addressed as follows:

Aidin D. Ghavimi, Esq.　　　　　　　　*Attorneys for Plaintiff*
John Vafa, Esq.　　　　　　　　　　　*KILA SMITH*
Ilana N. Fine, Wsq
STARPOINT, LC
15233 Ventura Boulevard, Suite PH16
Sherman Oaks, California 91403
Tel: (310) 424-9971
Fax: (424) 255-4035
Email: info@starpointlaw.com
Email: service@starpointlaw.com

[X]　**BY MAIL**: United States Postal Service by placing sealed envelopes with the postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at San Francisco, California. [(X) *Courtesy copy by e-mail*.]

☐　BY ELECTRONIC MAIL: I transmitted said document(s) by electronic mail from Lauretta.Adams@jacksonlewis.com to the e-mail addresses indicated above by written agreement, letter or email wherein counsel for the parties agreed to e-service. C.C.P. §§ 1013(g), 1010.6(B) and CRC rule 2.251.

I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

Executed on October 11, 2022, at San Francisco, California.

_____
Lauretta Adams

4867-1272-1720, v. 1